UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

FRANK BARONE,

Plaintiff,

v.

DAVOL INC. and C.R. BARD, INC.,

Defendants.

--------------------------------------------------------X

cv-07-4068(TCP)(WDW)

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.

Defendant Davol, Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through their counsel, answer Plaintiff's Complaint as follows:

### JURISDICTION

1. Defendants admit that the requirements of 28 U.S.C. § 1332 have been met.

### PARTIES

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

3. The allegations in Paragraph 3 are not directed to Bard, and therefore no response is required. Davol admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island 02920. Answering further, Davol admits that limited manufacturing of the Composix® Kugel® Hernia Patch occurred in Rhode Island, and that Davol's business interests includes hernia repair devices. Davol denies the remaining allegations.

4. The allegations in Paragraph 4 are not directed to Davol, and therefore no response is required. Bard admits that it is a corporation organized under the laws of the State of New Jersey with its principal office and place of business at 730 Central Avenue, Murray Hill, New Jersey 07974, and that it solicits and sells medical devices to licensed healthcare providers throughout the United States, including New York. Answering further, Bard admits that Davol is its subsidiary. Bard denies the remaining allegations.[1]

## VENUE

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

## STATEMENT OF THE FACTS

6. The allegations in Paragraph 6 are not directed to Bard, and therefore no response is required. Davol admits that at certain times it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 6 of the Complaint, and therefore deny the same.

7. The allegations in Paragraph 7 are not directed to Bard, and therefore no response is required. Davol admits that at certain times it manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "delivery" beyond the meaning of distributing which has already been admitted therefore it denies the allegation. As to the

[1] Plaintiff has improperly numbered his Complaint. Defendants shall number its responses to correspond to the intended numbering.

remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 7 of the Complaint, and therefore deny the same.

8. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food & Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Defendants admit that Davol at certain times it manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 9 of the Complaint, and therefore deny the same.

10. Defendants admit that the Kugel hernia patch line was acquired in 2000 by a subsidiary of Bard, and that Davol introduced certain limited versions of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information in 2001. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 10 of the Complaint, and therefore deny the same.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 11 of the Complaint, and therefore deny the same.

12. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 12 of the Complaint.

13. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 13 of the Complaint.

14. Denied. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to market with FDA approval. Answering further, Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as a "reasonable chance that the product will cause serious health problems or death."

15. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to market with FDA approval.

16. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to market with FDA approval.

17. Defendants deny the allegations.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 18 of the Complaint, and therefore deny the same.

19. The allegations in Paragraph 19 are not directed to Bard, and therefore no response is required. Davol admits that at certain times it designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies the remaining allegations.

20. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as a "reasonable chance that the product will cause serious health problems or death."

21. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to market with FDA approval.

22. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Defendants admit that Davol has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 23 of the Complaint, and therefore deny the same.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 24 of the Complaint, and therefore deny the same.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 25 of the Complaint, and therefore deny the same.

26. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 26 of the Complaint, and therefore deny the same.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 27 of the Complaint, and therefore deny the same.

28. Defendants deny the allegations.

29. Defendants deny the allegations.

30. Defendants deny the allegations.

31. Defendants deny the allegations.

**COUNT I: Negligence and Gross Negligence**

32. In response to Paragraph 32 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

33. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 33 of the Complaint.

34. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 34 of the Complaint.

35. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 35 of the Complaint.

36. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 36 of the Complaint.

37. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 37 of the Complaint.

38. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 38 of the Complaint.

39. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 39 of the Complaint.

40. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 40 of the Complaint.

41. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 41 of the Complaint.

42. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 42 of the Complaint.

**COUNT II: Strict Liability**

43. In response to Paragraph 43 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

44. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 44 of the Complaint.

45. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 45 of the Complaint.

46. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 46 of the Complaint.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 47 of the Complaint, and therefore deny the same.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 48 of the Complaint, and therefore deny the same.

49. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 49 of the Complaint.

50. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 50 of the Complaint.

**COUNT III: Misrepresentation and Failure to Warn**

51. In response to Paragraph 51 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

52. Davol admits that at certain times it designed, manufactured, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies these allegations. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 52 of the Complaint, and therefore deny the same.

53. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 53 of the Complaint.

54. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 54 of the Complaint.

55. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 55 of the Complaint.

56. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 56 of the Complaint.

57. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 57 of the Complaint.

58. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 58 of the Complaint.

**COUNT IV: Breach of Implied Warranty**

59. In response to Paragraph 59 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

60. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 60 of the Complaint.

61. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 61 of the Complaint.

62. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 62 of the Complaint.

63. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 63 of the Complaint, and therefore deny the same.

64. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 64 of the Complaint.

65. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 65 of the Complaint.

**COUNT V: Breach of Express Warranty**

66. In response to Paragraph 66 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

67. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 67 of the Complaint.

68. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 68 of the Complaint.

69. The allegations in Paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 69 of the Complaint.

**COUNT VI: Violation of New York Business Corporation Law § 349**

70. In response to Paragraph 70 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

71. The allegations in Paragraph 71 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 71 of the Complaint.

72. The allegations in Paragraph 72 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 72 of the Complaint.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard and Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiff's claims against Bard and Davol in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Bard and Davol in whole or in part.

4. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar plaintiff's claims in whole or in part.

5. Plaintiff's, or their agents', including his physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

6. If plaintiff used a product sold by Bard or Davol, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Bard and Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

8. Plaintiff is responsible, in whole or in part, for any injuries he suffered as a result of his own negligence and his acts or omissions and therefore plaintiff's right to recover is diminished in an amount based upon his individual relative degree of fault.

9. If plaintiff used a product sold by Bard or Davol, plaintiff used the product for off-label purposes, which bars the plaintiff's claims.

10. The learned intermediary doctrine bars plaintiff's claims.

11. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

13. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

14. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

15. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

16. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

17. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

18. Bard and Davol have no legal relationship or privity with plaintiff and owe no duty to plaintiff by which liability could be attributed to it.

19. Bard and Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff. If any such warranties were made, whether express or implied, which Bard and Davol specifically deny, then plaintiff failed to give notice of

any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

20. Plaintiff's causes of action are barred in whole or in part by plaintiff's own comparative/contributory negligence.

21. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

22. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

23. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

24. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's and Davol's due process, equal protection and other rights under the United States Constitution, the New York Constitution, and any other applicable law.

25. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under New York law and/or other applicable laws.

26. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

27. Bard and Davol hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Dated: New York, New York
October 30, 2007

PEPPER HAMILTON LLP

By: ______________________

Samuel J. Abate, Jr. (SA 0915)
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 808-2700

Attorneys for Defendants DAVOL, INC. and C.R. BARD, INC.

**JURY DEMAND**

Defendants Davol, Inc. and C.R. Bard, Inc. hereby demand a trial by jury on all issues triable in this action.

Samuel J. Abate, Jr. (SA 0915)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2007, a copy of the foregoing Answer was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Michael G. Glass
Rappaport Glass Greene & Levine LLP
1355 Motor Parkway
Hauppauge, NY 11749

*via first-class mail*

Samuel J. Abate, Jr. (SA 0915)